## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| EVAN BRIAN HAAS, MICHAEL SHAHBAZI, | § § § § | Chapter 7 |
| Plaintiffs, | § § | Case No. 15-35586 (DRJ) |
| v. | § § | Adv. Pro. No. 16-03175 (DRJ) |
| NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION | § § § | **NATIONWIDE CLASS ACTION** |
| Defendants. | § § | |

## PLAINTIFFS' EXPEDITED MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL LIMITED 30(b)(6) DEPOSITION

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

## *EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.*

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

1

## FOR THE REASONS STATED HEREIN, PLAINTIFFS REQUEST THAT THE COURT CONSIDER, OR HEAR, THIS MOTION ON AN EXPEDITED BASIS ON OR BEFORE JULY 7, 2017

1.      Plaintiffs, Evan Brian Haas ("Haas") and Michael Shahbazi ("Shahbazi"), appearing both individually and on behalf of all similarly situated individuals, respectfully move this Court for an order pursuant to Fed. R. Civ. P. 37(a)(3)(B)(ii), (iv) and (d) and Federal Rule of Bankruptcy Procedure 7037, compelling defendants NSL and NCFC to produce a corporate representative, by July 21, 2017, for a limited-purpose deposition with regard to:

> Navient's process for creating the List of Bankrupt Non-Title IV Educational Loan Borrowers, including Navient's process for gathering and maintaining information about Bankrupt Non-Title-IV Educational Loan Borrowers, the information Navient has gathered and maintained about Bankrupt Non-Title-IV Educational Loan Borrowers, and the involvement of any third parties in the generation of the List of Bankrupt Non-Title-IV Educational Loan Borrowers.

2.      Plaintiffs move on an expedited basis for this relief, as the relief sought is essential to Plaintiffs' compliance with the Agreed Order (ECF #122). If the relief is not granted, Plaintiffs will be unable to serve notice on the affected debtors in a timely fashion. The date by which expedited hearing is sought is the 7th of July, over a week from today, which provides NSL and NCFC with sufficient due process rights pursuant to Fed. R. Bankr. P. 9013.

### I.    BACKGROUND

3.      On May 9, 2017 and in accordance with the terms of the Agreed Order (ECF #122), Defendants provided Plaintiffs' counsel with a List of Bankrupt Non-Title-IV Borrowers (hereafter, the "the May 9 List" or the "List"). The May 9 List was quite a simple Excel spreadsheet, containing only the name, a single mailing address, and email

address (if any) of each Bankrupt Non-Title-IV Borrower. Because Plaintiffs' counsel agreed to contact these Borrowers to notify them of the entry of the Agreed Order at their sole cost (ECF #123), Plaintiffs' counsel began a process of examining a subset of the May 9 List to determine the accuracy of the information provided. After reviewing an original sample of approximately eighty-five (85) entries on the List, Plaintiffs' counsel determined that almost 60% of the limited information provided by the Defendants was inaccurate. Most alarmingly, the addresses of both of the named plaintiffs in this action were incorrect. On June 2, 2017, in a meet-and-confer discussion regarding scheduling, Plaintiffs' counsel advised Defendants' counsel that the May 9 List contained many inaccuracies. In that call, Defendants' counsel communicated her understanding that the List was current and accurate, but agreed to check further into it.

4.     On May 19, 2017, Defendants' counsel sent a second List (the "May 19 List") which contained ten additional names in the same format as the May 9 List.

5.     On June 6, 2017, in a follow-up meet and confer discussion, Defendants' counsel again advised that the May 9 List contained current addresses as kept by Navient "in the ordinary course." When questioned about the specific inaccuracies of the named Plaintiff Michael Shahbazi's address on the May 9 List,[1] Defendants' counsel speculated that a third party collection agency found his correct address but had not provided that new information to Navient. At that time, Defense counsel agreed to brainstorm how to get better addresses and assured Plaintiffs' counsel that they were also committed to ensuring notice was properly served upon the putative class. When asked whether Defendants could

---

[1]     Both of the named plaintiffs' addresses are old and incorrect on the List, despite the fact that Michael Shahbazi has received correspondence from Navient's agents at his current address.

direct their third party collection agents to provide Plaintiffs with more accurate names and addresses, Defendants' counsel were noncommittal.

6.      On June 9, Plaintiffs' counsel sent a breakdown of inaccuracies discovered on the May 9 List to Defendants' counsel.[2] Of a sampling of eighty-five (85) names closely examined over a few weeks' time, forty-nine (49) - almost 60% - had incorrect names, addresses, or both.[3] In addition, numerous debtors known to Plaintiffs' counsel who should have been on the List because they meet the definition of a Bankrupt Non-Title-IV Educational Loan Borrower do not appear on the List. Also on June 9, Defendants' counsel telephoned Plaintiffs' counsel to ascertain how the correct names and contact information had been discovered. During that call, Plaintiffs' counsel again asked whether Defendants could direct their third party collection agents to provide Plaintiffs with more accurate names and addresses. Defendants' counsel stated that she had asked that question of the people she was dealing with internally at NSL and/or NCFC, and ended with "we'll see."

7.      A week later, in a June 16, 2017 telephone conference, Defendants' counsel once again communicated that the May 9 List contained all current information kept "in the ordinary course" of the Navient servicing system. Plaintiffs' counsel inquired as to why certain debtors known to Plaintiffs' counsel did not appear on the List, though they met the definition of a Bankrupt Non-Title-IV Educational Loan Borrower. Defendants' counsel responded that they would be happy to look into the matter if Plaintiffs' counsel provided the names of any person they believed had been left off the List. At that time, Plaintiffs'

---

[2]    *See* June 9, 2017 email from Plaintiffs' counsel to Defendants' counsel, outlining inaccuracies in the List, attached hereto as **Exhibit A.**
[3]    It is important to note that there are 7,696 names on the May 9 List alone. Based on the number of hours it took to research 85 names on the May 9 List, a deep-dive analysis of each name by Plaintiffs' counsel would take thousands of hours.

counsel indicated that these answers were insufficient, the proposals for dealing with these problems were piecemeal and wholly inefficient, and that they needed to depose the individual who maintained the information contained within the List and/or who created the List, in order to be able to comply with the Agreed Order.

8.     Later that day, on June 16, 2017, Plaintiffs' counsel sent a very limited-purpose 30(b)(6) Notice of Deposition to Defendants, scheduling a deposition to inquire as to "the name of any other entity or third party vendor that maintains information related to borrowers identified on the List of Bankrupt Non-Title-IV Education Loan Borrowers," and the "process for creating the List of Bankrupt Non-Title-IV Borrowers…." The deposition was noticed properly. Plaintiffs scheduled the limited-purpose deposition to take place on June 29, 2017 in Houston, Texas,[4] but have expressed their willingness to reschedule for a date and location agreeable to the Defendants. Defendants refuse to go forward with the limited deposition proposed by Plaintiffs' counsel.

9.     On June 21, 2017, Defendants' counsel sent a third supplemental List to Plaintiffs' counsel (the "June 21 List"). The June 21 List contains ninety (90) names of Borrowers that are not included on the May 9 List or the May 19 List. It also contains different field names than those contained within the Lists provided to Plaintiffs' counsel on May 9 and May 19, 2017. The Borrowers' names on the June 21 List are in first, middle, last name order; the names on the May 9 and May 19 Lists are in last, first, middle name order. The May 9 and May 19 Lists contain three fields for street addresses; the June 21 List contains only one. The zip codes on the May 9 and May 19 Lists are nine digits; those on the June 21 List are five digits. It appears from the face of the Lists that the names were

---

[4]     *See* the Notice of 30(b)(6) Deposition, attached hereto as **Exhibit B.**

taken from different sources; Plaintiffs have a right to inquire of a corporate representative of Defendants how the Lists were put together in order to ensure that they have the correct and current information from Defendants, and determine whether it makes economic sense for them to attempt to contact these Borrowers, as agreed, given the inaccurate contact information.

10.     On June 23, 2017, Defendants' counsel sent a "Meet and Confer Letter re June 16 Deposition Notice" to Plaintiffs' counsel.[5]   In it, Defendants' counsel expressed that he is "happy to continue information discussions" regarding the List; that he and his co-counsel have "continued to confer with our client about the accuracy of contact information;" and that they have "since learned that our client may have access to updated contact information" for these Borrowers. Attached to that letter was a list of the names of eighteen (18) "third-party collection agencies that NSL and NCFC currently use."

11.     On June 26, 2017, Defendants sent Plaintiffs' counsel a new list of 5,487 names (the "June 26 List"), this time identifying multiple addresses for certain individual Borrowers (and including no email addresses whatsoever). In his accompanying email, Defendants' counsel stated that the previous Lists had been obtained at the "borrower level" but that this new June 26 List was created at the "loan level."  In a June 28 telephone conference, Defendants' counsel posited that many of the names on the June 26 List are duplicative of each other, but have multiple alternative addresses for the Borrowers; and that likely many of the names on the June 26 List are duplicative of the three Lists previously provided. Unfortunately, this new June 26 List has multiplied rather than reduced Plaintiffs' questions and concerns regarding the integrity of the previous three

---

[5]     *See* the Meet and Confer letter, attached hereto as **Exhibit C.**

Lists, and it is now plainer than ever that Plaintiffs must depose a corporate representative in order to attempt to determine which names and addresses on which Lists are the most accurate, in order to comply with the Agreed Order and get notice out to the class.

12.     It is important to note that Defendants' counsel has genuinely tried to answer the questions that Plaintiffs' counsel have posed with regard to how the information is maintained at NSL and/or NCFC. Defendants' counsel has been abundantly clear that Plaintiffs' counsel can continue to ask questions of Defendants' counsel with regard to how the information contained within the Lists is maintained and updated, which they will bring back to their clients' general counsel to ask of the client. Plaintiffs' counsel can continue to raise individual questions, such as why there are multiple addresses for certain Borrowers, or why the named plaintiffs' addresses are incorrect on the Lists, and Defendants' counsel will continue to try to get answers. Unfortunately, each time a question is posed by Plaintiffs' counsel, it takes approximately a week to get an answer, and it is never clear whether or not that answer is distorted from the input of all of the intermediaries.

13.     Plaintiffs must depose a person within NSL and/or NCFC with regard to the accuracy of the contents of the myriad Lists. While the parties have agreed to a late August broad-topic 30(b)(6) representative deposition; Plaintiffs' counsel assert that that date is too late to obtain the very limited information that they need now in order to comply with the Agreed Order. Plaintiffs' counsel need to depose a representative with regard to one very limited topic:

> Navient's process for creating the List of Bankrupt Non-Title IV
> Educational Loan Borrowers, including Navient's process for gathering and
> maintaining information about Bankrupt Non-Title-IV Educational Loan
> Borrowers, the information Navient has gathered and maintained about

Bankrupt Non-Title-IV Educational Loan Borrowers, and the involvement of any third parties in the generation of the List of Bankrupt Non-Title-IV Educational Loan Borrowers.

## II.     SUMMARY OF ARGUMENT

14.     Plaintiffs' seek an order to compel Defendants to a deposition by July 21, 2017, so that Plaintiffs are able to comply with the terms of the Agreed Order. Approximately 60% of the May 9 List contains inaccurate names and/or contact information for debtors meeting the definition of a Bankrupt Non-Title IV Educational Loan Borrower as found in the Agreed Order. The List is missing individuals who are known to Plaintiffs' counsel who do meet the definition in the Agreed Order. Defendants' answers to these questions thus far have been inadequate and made with little concern for the urgency of the situation. Defendants have now agreed to jointly seek disclosure of all contact information held by those third party debt collectors currently contracting with Navient whom the Defendants have stated may have more accurate contact information for the borrowers, which may be very helpful. Plaintiffs, however, must be able to question a Navient representative, under oath at a deposition in order to learn how the Lists were put together, how they are maintained, why the Lists are duplicative and incomplete, and why the supplemental lists have been provided in new formats with differently formatted fields.

## III.     ARGUMENT

### A.     Defendants are obligated to produce a 30(b)(6) representative to discuss its heavily flawed List of Bankrupt Non-Title-IV Borrowers.

15.     The Federal Rules of Civil Procedure require that Defendants produce a corporate representative in response to the deposition properly noticed by Plaintiffs. Pursuant to Fed. R. Civ. P. 30(b)(6), when a corporate party receives a notice of deposition, it "must then designate one or more officers, directors, or managing agents, or designate

other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." The corporate "deponent must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the party noticing the deposition and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed as to the relevant subject matters." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432–33 (5th Cir.2006) (internal quotations omitted). "[T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved," and "the deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id. See also In re Lopez,* 09-70659, 2015 WL 7572097, at \*11 (Bankr. S.D. Tex. Nov. 24, 2015), *leave to appeal denied,* 7:15-CV-526, 2016 WL 4546884 (S.D. Tex. Sept. 1, 2016).

16.     When a party fails or refuses to provide an available date and time to conduct depositions, the court may issue an order compelling the depositions and imposing a schedule for them. *See Meche v. Maint. Dredging, Inc.,* No. Civ.A. 10-3653, 2012 WL 519882, at \*3 (E.D. La. 02/16/12); *see also Pegues v. PGW Auto Glass, L.L.C.,* 451 F. App'x 417, 418 (5th Cir. 2011). Defendants are obligated to produce a corporate representative who is knowledgeable about the List of Bankrupt Non-Title-IV Borrowers. In the face of their refusal, the Court may properly compel a corporate witness to attend a deposition properly noticed under Rule 30(b)(6). *See Behavioral Hosp. of Bellaire, LLC v. Behavioral Health Mgmt., LLC,* 4:14-CV-00656, 2015 WL 12781041, at \*1 (S.D. Tex. Apr. 10, 2015) (ordering plaintiff to produce designated corporate representative). This Court should grant Plaintiffs' Motion to Compel.

**a. The deposition is necessary to ensure the integrity and reliability of the May 9 List.**

17.     Defendants' refusal to produce a corporate representative for the limited purpose noticed by Plaintiffs undermines the efficient resolution of this case. As explained above, the List of Bankrupt Non-Title-IV Borrowers, and subsequent supplements thereto, is heavily flawed and the full scope of its errors cannot even be known to Plaintiffs.

18.     Plaintiffs' counsel need to know why this List contains so many identified errors. If Defendants have provided inaccurate information, or withheld information, even unintentionally, then this Court and Plaintiffs' counsel have a right to know that before any further discovery takes place, and before Plaintiffs expend substantial resources sending notice to all members of the putative class. In addition, there may be other errors on the List that are not yet apparent to Plaintiffs or their counsel. Defendants' counter-proposal that all questions can and must be answered informally by defense counsel and on an *ad hoc* basis is tantamount to trying to repair the List with duct tape and crazy glue. The integrity of the List as a whole is in question, and Defendants' corporate representative—not defense counsel summarizing what they believe their client told them—should be compelled to explain under oath how the List was prepared, and why it appears so error-ridden.

19.     Given the time that has passed and the effort that has been expended by Plaintiffs' counsel between May 9 (when the List was sent to Plaintiffs' counsel) and June 23 (when Plaintiffs' counsel were advised that Defendants may have more accurate contact information but would quash any deposition attempting to investigate the matter), it is imperative that Plaintiffs take a 30(b)(6) corporate representative deposition as soon as possible. The "informal discussions" between counsel, separated by a week or more in

10

which Defendants' counsel must pass along Plaintiffs' questions accurately to Navient and patiently await a response, have proven a waste of valuable time. Plaintiffs seek to have this very limited deposition ordered, and if necessary, set by the Court.

20.     Although Plaintiffs noticed a broader 30(b)(6) deposition of Navient in May, Plaintiffs have already agreed to Defendants' request that the broader 30(b)(6) deposition take place in late August. Although Defendants seriously delayed Plaintiffs' schedule for class certification by putting off the originally-set 30(b)(6) deposition for three months, Plaintiffs acceded to the request because of the purported preparation that was necessary prior to deposing a Navient representative about the voluminous topics identified in Plaintiff's Notice of Deposition. ***No similar preparation should be required to answer questions about how this List was created less than ninety days ago.*** A limited deposition for the purpose of discussing the lists of Bankrupt Non-Title-IV Borrowers must take place as soon as possible. This exigency is caused by Defendants' own actions in producing highly inaccurate and confusing Lists from their own records. Without an accurate list, Plaintiffs cannot contact the borrowers affected by this Court's order or fulfill their role as interim class counsel. Defendants' flawed Lists will stymie this litigation unless Plaintiffs are permitted to depose them regarding them.

### b.  Accurate contact information for the borrowers is necessary to ensure compliance with the Agreed Order.

21.     Defendants' failure to provide accurate borrower information is seriously impeding Plaintiffs' ability to comply with this Court's order in giving notice to the putative class members. It is imperative that Plaintiffs obtain an accurate list of borrowers

affected by this Court's April 13, 2017 Order for Plaintiffs to fulfill their obligations as interim class counsel, and comply with the deadlines set by this Court.

22.     The May 9 List as provided to Plaintiffs appears to contain inaccurate names and addresses on a magnitude of roughly 60%. For example, and most glaringly, the List states that lead Plaintiff Michael Shahbazi still lives in Ashburn, Virginia. Yet, in the past year, Michael Shahbazi has received a collection letter from one of Defendants' debt collectors at his current address in Houston, Texas.[6] Likewise by examining public records, Plaintiffs' counsel identified almost 50 similar problems with a subset of Borrowers on the List.

### B. Plaintiffs are entitled to the costs and attorneys' fees incurred in bringing this Motion.

23.     Defendants' refusal to produce their corporate representative in response to Plaintiffs' properly noticed, narrow deposition request subjects them to sanctions. Fed. R. Civ. P. 37 provides, "The court where the action is pending may, on motion, order sanctions if… a person designated under Rule 30(b)(6)…fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37 (d)(1)(A). Sanctions may include the following:

> (i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

---

[6]     *See* Exhibit 6 to Plaintiffs' Motion for Preliminary Injunction (ECF #100-6).

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37 (d)(3).

In *In re Lopez,* 2015 WL 7572097, at *9, this district concluded that it had the power to issue sanctions for discovery abuse pursuant to Rule 37 of the Federal Rule of Civil Procedure, from which the bankruptcy rules derive, Fed. R. Bankr. P. 7037, and its inherent equitable powers under 11 U.S.C. §105(a). Because the need for a limited 30(b)(6) deposition is necessitated solely by Defendants' own failures in creating the lists of Bankrupt Non-Title-IV Borrowers or maintaining the lists from which that information was generated, and because Defendants have refused to produce any corporate representative in response to Plaintiffs' properly noticed deposition request, Defendants should bear the attorneys' fees and costs associated with bringing this motion, and the Court, in its discretion should award any other relief or remedies permitted by Rule 37 and any other applicable law.

**IV.    CONCLUSION**

Plaintiffs are entitled to an order compelling a 30(b)(6) corporate representative deposition on the very limited questions surrounding the Lists. Plaintiffs request that this Court issue an Order compelling defendants NSL and NCFC to produce for 30(b)(6) deposition a corporate representative to speak to:

> Navient's process for creating the List of Bankrupt Non-Title IV Educational Loan Borrowers, including Navient's process for gathering and maintaining information about Bankrupt Non-Title-IV Educational Loan Borrowers, the information Navient has gathered and maintained about

13

Bankrupt Non-Title-IV Educational Loan Borrowers, and the involvement of any third parties in the generation of the List of Bankrupt Non-Title-IV Educational Loan Borrowers.

Plaintiffs move on an expedited basis for this relief, as the relief sought is essential to Plaintiffs' compliance with the Agreed Order (ECF #122). If the relief is not granted, Plaintiffs will be unable to serve notice on the affected debtors in a timely fashion. The date by which expedited hearing is sought is the 7th of July, over a week from today, which provides NSL and NCFC with sufficient due process rights pursuant to Fed. R. Bankr. P. 9013.

Respectfully Submitted,

*/s/ Marc D. Myers*_____
Marc Douglas Myers
SBN (TX) 00797133
ROSS, BANKS, MAY, CRON & CAVIN, P.C.
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com

Jason W. Burge (*pro hac vice*)
SBN (LA) 30420
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jburge@fishmanhaygood.com

Kathryn J. Johnson (*pro hac vice*)
SBN (LA) 36513
FISHMAN HAYGOOD  L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
kjohnson@fishmanhaygood.com

Austin Smith (*pro hac vice*)
SBN (NY) 5377254
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017
(917) 992-2121
Austin@acsmithlawgroup.com

Lynn E. Swanson (*pro hac vice*)
SBN (LA) 22650
JONES, SWANSON, HUDDELL & GARRISON,
L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
(504) 523-2500; (504) 523-2508
Lswanson@jonesswanson.com

Joshua B. Kons (*pro hac vice*)
SBN (IL) 6304853
LAW OFFICES OF JOSHUA B. KONS, LLC
939 West North Avenue, Suite 750
Chicago, IL 60642
(312) 757-2272
joshuakons@konslaw.com

Adam Corral
SBN (TX) 24080404
CORRAL TRAN SINGH, LLP
440 Louisiana St, Suite 2450
Houston, TX 77002
(832) 975-7300; (832) 975-7301 fax
Adam.corral@ctsattorneys.com

15

Susan Tran
SBN (TX) 24075648
CORRAL TRAN SINGH, LLP
440 Louisiana St, Suite 2450
Houston, TX 77002
(832) 975-7300; (832) 975-7301 fax
susan.tran@ctsattorneys.com

Brendon Singh
SBN (TX) 2407646
CORRAL TRAN SINGH, LLP
440 Louisiana St, Suite 2450
Houston, TX 77002
(832) 975-7300; (832) 975-7301 fax
brendon.singh@ctsattorneys.com

***Counsel to Plaintiffs***

## CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that Plaintiffs' counsel has conferred in good faith with Defendants' counsel in order to resolve this matter without the need for this Court's intervention.

*/s/ Marc D. Myers*_____

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 28th day of June, 2017, served a copy of the foregoing upon all counsel of record by CM/ECF filing.

*/s/ Marc D. Myers*_____