

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/26/2018

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 15-35886 |
| EVAN BRIAN CROCKER; aka CROCKER LEGAL, PLLC | § § § | CHAPTER 7 |
| Debtor(s). | § § § | DAVID R. JONES |
| EVAN BRIAN CROCKER, MICHAEL SHABAZI, WENDY L. LANDES and REGINA SEITZ-MOULDS, on behalf of themselves and all those similarly situated, | § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | ADVERSARY NO. 16-3175 |
| NAVIENT SOLUTIONS, LLC and NAVIENT CREDIT FINANCE CORPORATION, | § § § § | |
| Defendants. | § | |

## ORDER
**(Docket No. 162)**

In this putative class action, Navient Solutions, LLC ("NSL") and Navient Credit Finance Corporation ("NCFC" and collectively with NSL, "Navient") seek a summary judgment (i) dismissing all claims asserted by Michael Shahbazi on the ground of a lack of jurisdiction; and (ii) against Michael Shahbazi and Evan Brian Crocker, class representatives[1], under 11 U.S.C. § 523(a)(8)(A)(ii). For the reasons set forth below, the Court denies the motion.

### The Putative Class Representatives

Evan Brian Crocker f/k/a Evan Brian Haas filed a voluntary chapter 7 case in the Southern District of Texas on November 3, 2015 [Docket No. 1, Case No. 15-35886]. In his Schedule F, Mr. Crocker listed four debts in favor of Navient totaling in excess of $117,000 [Docket No. 1, Case No. 15-35886]. The debt at issue in this adversary proceeding arises out of a bar exam study loan from Sallie Mae Bank. The loan was subsequently transferred to NCFC. Mr. Crocker received his discharge on February 9, 2016 [Docket No. 18, Case No. 15-35886].

---

[1] Subsequent to the filing of the motion for summary judgment, two additional putative class representatives were added. Although not specifically named, Navient's argument regarding the application of 11 U.S.C. 523(a)(8)(A)(ii), if successful, would apply to all plaintiffs.

Prior to filing bankruptcy, Michael Shabazi obtained a Sallie Mae career training loan in 2002 for tuition expenses at an unaccredited technical school. Mr. Shabazi filed a voluntary chapter 7 case in the Eastern District of Virginia on September 20, 2011. Mr. Shabazi received his discharge on December 27, 2011.

### Procedural Background

In response to collection efforts by Navient, Mr. Crocker filed his original Complaint for Determination of Discharge, Declaratory Judgment, Contempt, and Application for Temporary and Preliminary Injunctive Relief on August 5, 2016 against SLM Corporation d/b/a Sallie Mae Education Trust and Navient Corporation based on alleged wrongful collection activity in violation of the statutory discharge injunction under 11 U.S.C. § 524 [Docket No. 1].

After reviewing the complaint and the request for emergency injunctive relief, the Court issued a temporary restraining order on August 5, 2016 prohibiting any collection activities against Mr. Crocker or the issuance of any negative information regarding Mr. Crocker to any credit bureau [Docket No. 4]. On August 18, 2016, a preliminary injunction was entered by agreement against Navient Solutions Inc. ("NSI") [Docket No. 13].

A first amended complaint was filed on August 26, 2016 by Mr. Crocker and Michael Shahbazi on behalf of themselves and all others similarly situated [Docket No. 15]. In the first amended complaint, the plaintiffs allege that the defendants have been continuously engaged in a decade-long scheme to subvert the Bankruptcy Code by intentionally disregarding the injunctive provisions of 11 U.S.C. § 524(a) [Docket No. 15]. The first amended complaint further seeks the certification of a nationwide class comprised of debtors who were alleged victims of the scheme [Docket No. 15].

On October 31, 2016, NSI filed its motion to dismiss [Docket No. 37]. In the motion, NSI requested that Mr. Crocker and Mr. Shahbazi be compelled to arbitrate their disputes as individuals and that the first amended complaint be dismissed [Docket No. 37]. After several agreed extensions, the Court conducted a hearing on the motion on January 9, 2017. By order entered January 10, 2017, the Court denied the motion.

By agreed order entered January 25, 2017, the Court authorized the filing of a second amended complaint [Docket No. 94]. The second amended complaint was filed on January 26, 2017 [Docket No. 95]. The second amended complaint deleted SLM Corporation as a defendant and added NCFC [Docket No. 95].

On November 10, 2017, Navient filed its motion for summary judgment seeking the dismissal of this adversary on two legal theories [Docket Nos. 162, 163]. First, Navient asserts that because Mr. Shahbazi received his discharge in the Eastern District of Virginia, a bankruptcy court in the Southern District of Texas has no jurisdiction to enforce the injunctive provisions of 11 U.S.C. § 524 [Docket Nos. 162, 163]. Second, Navient asserts that the loans provided to Mr. Crocker and Mr. Shahbazi are excepted from discharge under 11 U.S.C. § 523(a)(8)(A)(ii) [Docket Nos. 162, 163]. The plaintiffs filed their opposition on December 1, 2017 [Docket No. 173]. Navient filed its reply on December 22, 2017 [Docket No. 184].

The Court scheduled a hearing for January 17, 2018 to consider the summary judgment motion. By agreement of the parties, the hearing was adjourned to March 5, 2018 [Docket No. 185].

On January 23, 2018, the plaintiffs filed an unopposed motion seeking leave to file a third amended complaint [Docket No. 186]. The Court granted the motion by order entered February 28, 2018 [Docket No. 190]. The third amended complaint added two additional putative class representatives and modified the definition of the proposed class [Docket No. 190].

On March 5, 2018, the Court conducted a hearing on Navient's motion for summary judgment. At the conclusion of the hearing, the Court took the matter under advisement.

## Summary Judgment Standard

Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Gray Law LLP v. Transcon. Ins. Co.*, 560 F.3d 361, 365 (5th Cir. 2009). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment bears the burden to demonstrate the absence of (i) evidence to support the non-moving party's claims; or (ii) a genuine issue of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine issue of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Allegations in a plaintiff's complaint are not evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996) ("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston, Tex.,* 14 F.3d 1056, 1060 (5th Cir.1994) (stating that, for the party opposing the motion for summary judgment, "only evidence—not argument, not facts in the complaint—will satisfy the burden,"). The court reviews the facts and evidence in the light most favorable to the non-moving party. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). In this proceeding, the parties do not dispute the relevant facts.

## Issues Presented

Navient's motion present two legal issues. First, the Court must determine whether the enforcement of the statutory injunction under 11 U.S.C. § 524 is limited to the bankruptcy court that granted the debtor's discharge. Second, the Court must interpret the language of 11 U.S.C. § 523(a)(8)(A)(ii). Specifically, the Court must determine whether a third party loan constitutes an "obligation to repay funds received as an education benefit, scholarship, or stipend. . ."

## Jurisdiction

Navient first asserts that this Court has no subject matter jurisdiction to enforce a discharge order entered by another bankruptcy court citing a plethora of cases which stand for the unchallenged proposition that only the court that issues an injunction can enforce that

injunction through contempt proceedings. *See Waffenschmidt v. MacKay*, 763 F.2d 711 (5th Cir. 1985). The Court concurs. From a practical perspective, such proceedings necessarily involve a particular judge's assessment of a unique set of circumstances in fashioning specific equitable relief. *See In re Davis*, No. 06-7016, 2006 WL 2827270 (Bankr. S.D. Tex. Sept 27, 2006) (Isgur, J.). Navient misses the point, however, with respect to the instance case.

First, a discharge order is not itself a court-ordered injunction. None of the requisites of Rule 65 are present. Indeed, Official Form B318 contains but a single sentence—"A discharge under 11 U.S.C. § 727 is granted to _____." The effect, however, of a court granting a discharge is established by statute as set forth in 11 U.S.C. 524. Section 524(a) provides that "[a] discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal liability of the debtor . . and operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover from or offset against property of the debtor . . . ." 11 U.S.C. § 524(a)(2), (3). There is no subjective thought process that requires deference nor is there any risk of misinterpretation of a particular judge's reasoning.

Second, the remedy sought in this class action goes to the very core of the bankruptcy process itself. The Court is not enforcing another court's discharge order; rather, the Court is being asked to enforce a bankruptcy statute. Ample remedies lie within the Court's authority under 11 U.S.C. § 105. Moreover, as explained by Judge Isgur in *Cano v. GMAC Mortgage Corp. (In re Cano)*, 410 B.R. 506 (Bankr. S.D. Tex. 2009), the Court's jurisdiction is derivative of the District Court's jurisdiction, limited only by the constraints of 28 U.S.C. § 157. The Court finds that it has both the jurisdiction under 28 U.S.C. § 1334 and the requisite constitutional authority to resolve the claims set forth in the plaintiffs' third amended complaint. Accordingly, the motion for summary judgment against Mr. Shahbazi based on a lack of subject matter jurisdiction is denied.

### Section 523(a)(8)(A)(ii)

Navient next asserts that it is entitled to a summary judgment as its claims are unambiguously excepted from discharge under 11 U.S.C. § 523(a)(8)(A)(ii). The relevant language of Section 523(a)(8)(A) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt...
>
> > (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—
> >
> > > (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
> > >
> > > (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
> > >
> > > (B) any other educational loan that is a qualified education loan, as

>    defined in section 221(d)(1) of the Internal Revenue Code of 1986,
>    incurred by a debtor who is an individual;

An exception to a bankruptcy discharge is to be narrowly construed in the debtor's favor. *Miller v. J.D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 602 (5th Cir. 1998). To prevail, Navient must establish each of the requisite elements by a preponderance of the evidence. Under § 523(a)(8), there are four types of debts that are excepted from a debtor's discharge:

- An educational benefit overpayment or loan made, insured or guaranteed by a governmental unit. 11 U.S.C. § 523(a)(8)(A)(i).

- An educational benefit overpayment or loan made under any program funded in whole or in part by a governmental unit or nonprofit institution. 11 U.S.C. § 523(a)(8)(A)(i).

- An obligation to repay funds received as an educational benefit, scholarship, or stipend. 11 U.S.C. § 523(a)(8)(A)(ii).

- A qualified educational loan as defined in section 221(d)(1) of the Internal Revenue Code of 1986 to an individual. 11 U.S.C. § 523(a)(8)(B).

Navient's limits its motion to § 523(a)(8)(A)(ii) and asserts that because the loans to Messrs. Crocker and Shabazzi "conferred 'educational benefits,'" they are therefore nondischargeable. The parties both acknowledge that two distinct lines of cases have developed although they disagree as to which is the majority view and which is the minority view. On one hand, some courts hold that any money received by a debtor for educational purposes is nondischargeable under § 523(a)(8)(A)(ii). On the other hand, some courts focus on language differences in the provisions of § 523(a)(8) and hold that loans were intentionally omitted from § 523(a)(8)(A)(ii). The Court finds the answer to the question of how many courts go in one direction or the other to be unpersuasive whatever the outcome. The Court is more interested in the reasoning behind these two lines of decisions.

The analysis begins with the text of the statute itself. The Court is required to give effect to a statute's plain language. *U.S. v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242 (1989). When reading a statute, the Court "must try and discover the plain meaning of th[e] statute using both the text and the structure . . .". *Healthkeepers, Inc. v. Richmond Ambulance Auth.*, 642 F.3d 466, 471 (4th Cir. 2011).

The Court finds the language of § 523(a)(8)(A)(ii) unambiguous. To be excepted from discharge, a debtor must have taken on an obligation to repay funds that were given in the form of an educational benefit, a scholarship or a stipend. An easy to understand example would be tuition advances by an employer that must be repaid if the employee leaves her employment within a certain period of time. The Court finds compelling the use of the words "obligation to repay" versus use of the word "loan" in the other provisions of § 523(a)(8). By its use throughout § 523(a)(8), Congress was certainly aware of the term "loan" and is presumed to have made a conscious decision of when to use it and when to choose something different. *See, e.g., Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 222 (1986) ("Normal principles of statutory construction require that we give effect to the subtleties of language that Congress chose to

employ."); *Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir.1972)). Navient argues that a loan is subsumed within an "obligation to repay." With no context, the argument has some merit. In this case, however, the language must be read against the context of the entire language of § 523(a)(8). *See Dada v. Mukasey*, 554 U.S. 1, 16 (2008). Navient offers no legitimate theory to reconcile the differences in the language chosen by Congress.

The Court is further persuaded by the use of the word "as" as opposed to "for." The use of the word "as" denotes "in the character or under the name of." BLACK'S LAW DICTIONARY 113 (6th ed. 1990)[2]. To the contrary, "for" denotes "in consideration for . . . in exchange for." BLACK'S LAW DICTIONARY. The Court concludes that § 523(a)(8)(A)(ii) created a new category of nondischargeable debts specifically tailored to address a perceived need. That need did not include all loans that were in some way used by a debtor for education. If such were the case, would not a loan for a car used by a commuter student to travel to and from school every day be nondischargeable under § 523(a)(8)(A)(ii)? The answer is obvious.

## Conclusion

The Court finds persuasive those thoughtful decisions written in the spirit of *Kashikar v. Turnstile Capital Mgmt., LLC (In re Kashikar)*, 567 B.R. 160 (9th Cir. BAP 2017), *Essangui v. SLF V-2015 Trust (In re Essangui)*, 573 BR 614 (Bankr. D. Md. 2017) and *Nypaver v. Nypaver (In re Nypaver)*, No. 16-23381 2018 WL 1185270 (Bankr. W.D. Pa. March 7, 2018) (Agresti, J.). For the reasons set forth above, the Court denies Navient's motion for summary judgment.

On Navient's request stated on the record on March 5, 2018 and in recognition of the importance of the matters that are the subject of this proceeding, the Court (i) authorizes an interlocutory appeal of this order under 28 U.S.C. § 158(a)(3); and (ii) certifies this order for direct appeal to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A)(i) and (iii).

**SIGNED: March 26, 2018.**

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

---

[2] The Court has used the sixth edition as it is the edition most closely related in time to the addition of the language to § 523(a)(8) that is now § 523(a)(8)(A)(ii).